JAMES, State Treasurer, et al. v.
JOSEPH et al.

No. 9431.

Court of Civil Appeals of Texas. Austin.
March 1, 1944.

Rehearing Denied March 22, 1944.

Gerald C. Mann, Atty. Gen., and R. W. Fairchild, and Gaynor Kendall, Asst. Atty. Gen., for appellants.

Kuykendall, Bauknight, Mann, & Stevenson, of Austin, for appellees.

BLAIR, Justice.

This is an appeal from a judgment declaring Senate Bill 144, Acts 1943, Vernon's Ann.Civ.St. arts. 4385a, 6687b, to be unconstitutional, and restraining its enforcement. The instant case is companion to cause No. 9430, James et al. v. Gulf Insurance Company et al., 179 S.W.2d 397. The particular fund here involved is the "Cosmetology Fund." In the instant case the trial court held that the Act was unconstitutional upon the grounds:

1. That it violates Sec. 35, Art. 3, of the Constitution, Vernon's Ann.St., because of defective caption.

2. That it violates Sec. 36 of Art. 3, of the Constitution, prohibiting the amendment of laws and reference to their titles, and requiring reenactment and publication at length of an act or sections thereof amended; and

3. That the Act violates Sec. 7 of Art. 8, of the Constitution, denying the Legislature the power to borrow or in any manner to divert from its purpose any special fund that may or ought to come into the State Treasury.

Each of these questions has been passed upon by us in cause No. 9430, and each of them has been decided adversely to the judgment of the trial court in this case. No further discussion is necessary upon the general proposition that the Act does not violate either of the aforementioned constitutional provisions. Particularly, Sec. 7 of Art. 8 has no application to the instant case.

It will suffice to say here that the taxes or fees going into the Cosmetology Fund are levied under the "Hairdressers and Cosmetologist" Act, appearing as amended as Art. 734b, Vernon's Revised Penal Statutes of Texas. These statutes levy registration fees and annual occupation taxes or license fees upon persons engaged in the "practice or occupation of a hairdresser or cosmetologist," and upon persons es-

tablishing or teaching in schools for teaching the art of hairdressing or cosmetology. As presently appearing, Sec. 22, of Art. 734b, provides as follows:

"(a) Any and all sums of money paid into the State Treasury and credited to the State Board of Hair Dressers and Cosmetology Fund shall be, and the same are hereby, appropriated for the fiscal years ending August 31, 1936, and for August 31, 1937, and each succeeding year thereafter to be expended under the direction of the Legislature as may be provided by law. * * *

"(c) That ten per cent (10%) of all moneys received by the Board shall be paid into the General Revenue Fund of the State of Texas at the end of each fiscal year. (As amended Acts 1935, 44th Leg. 2nd C. S., p. 1846, ch. 469, § 1.)"

Prior to amendment of such section in 1935, Sec. (a) appropriated the fund for the fiscal year ending August 31, 1935, and August 31, 1936; and prior to such amendment Sec. (c) provided for paying 3% of all moneys received by the fund into the General Revenue Fund at the end of each fiscal year. In addition, the original act provided that if, after paying all expenses and the 3% to the General Fund at the end of the fiscal year, there should remain any balance, all of such balance was to be transferred to the General Fund. The 1935 amendment simply provided that 10% of all money received by the Cosmetology Fund shall be paid into the General Revenue at the end of each year; and provided as to each future fiscal year balance in the fund that the fund is "to be expended under the direction of the Legislature as may be provided by Law."

■ Manifestly, the taxes or fees levied by Art. 734b are imposed as an excise or occupation tax upon the privilege of engaging in "the practice or occupation of hairdressers and cosmetologists"; and upon schools for and teachers of that art. Such taxes or fees are not levied solely in the exercise of the police power of the State, although the Act may be incidental to or in the interest of the public health. They are also levied under the taxation power of the Legislature. Conclusive of the fact that the Legislature levied the taxes or fees under its power of taxation is the fact that from the beginning it has required that a part of such taxes or fees shall at the end of each fiscal year be transferred to the General Revenue Fund for all purposes of that fund. Also by the Act of 1935 the Legislature continued to reserve the right to direct the expenditure of the taxes or fees so levied and collected. Moreover, the statutes do not provide that the taxes or fees levied shall be used exclusively for the purpose of regulating or supervising the occupations or businesses required to pay them. They have continuously provided that a part of such taxes or fees shall be used for general revenue purposes. In consequence, no special fund is created even by the statute for an exclusive purpose, and even if the provisions of Sec. 7 of Art. 8 could apply to a mere statutory special fund, such constitutional inhibitions do not apply to the special fund in controversy in the instant case.

■ However, under our holding in cause No. 9430 we are clear in the view that since the taxes or fees in question could have been paid into the General Revenue Fund originally, the mere fact that the Legislature required them to be paid into the special fund in question, did not constitute them a "special fund" within the meaning of that term as used in Sec. 7 of Art. 8 of the Constitution. In consequence, no prohibited diversion of money from "any special fund" under the protection of Sec. 7 of Art. 8 has taken place by the enactment of Senate Bill 144. Such Act merely changed the method of computing the amount of the taxes or fees to be transferred from the special fund in question to the General Revenue Fund at the end of each fiscal year, the statutes having always required that a part of such taxes or fees be transferred annually to the General Revenue Fund.

Another matter which need be referred to here is that in the instant case the parties sued for a return of the taxes paid in excess of that necessary for the payment of expenses of regulation, and asked that a receiver be appointed. This relief was denied by the trial judge, and no appeal has been taken from that action of the trial court. The judgment of the trial court in that respect is not disturbed.

The judgment of the trial court declaring Senate Bill 144 to be unconstitutional is set aside and the injunction restraining its enforcement is dissolved.

Judgment set aside and injunction dissolved.