

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 26, 1947

Hon. Tom Martin, Chairman
Game and Fish Committee
House of Representatives
Austin, Texas

Opinion No. V-107

Re: Constitutionality of House
Bill No. 183, 50th Legisla-
ture.

Dear Mr. Martin:

As requested in your letter of March 6, we have care-
fully considered the constitutionality of House Bill No. 183.
We quote your letter in full:

"It is hereby requested that an opinion be
prepared on House Bill No. 183 regarding its con-
stitutionality for the Game and Fish Committee.

"In our committee meeting of March 5, 1947,
members of the committee were quite concerned
whether or not it would be constitutional to
transfer moneys now in the State Treasury.
This money is now appropriated for various funds
used by the State Game, Fish, and Oyster Com-
mission, by means of taxation. The bill sets
up special funds which will consolidate exist-
ing money in the State Treasury.

"An immediate response to this request will
be appreciated."

An examination of the bill discloses as its sole pur-
pose the transfer of moneys now in six separate special funds
into a single special fund. The six special funds now on de-
posit in the State Treasury are the Special Game Fund, the
Special Fish Propagation and Protection Fund, the Fish and
Oyster Fund, the Sand, Shell and Gravel Fund, the Medina Lake
Fund, and the Lake Worth-Eagle Mountain Lake Fund. The pur-
pose of House Bill No. 183 is to consolidate the balance in
all of the above funds, together with all moneys due and owing
to any and all of said funds into a single fund to be known
as the Special Game and Fish Fund.

In our opinion the only constitutional question raised
by the bill is the validity of such a transfer under Section 7
of Article VIII of the Texas Constitution.

Article VIII, Section 7 of the Texas Constitution provides:

"The Legislature shall not have power to
borrow or in any manner divert from its purpose,
any special fund that may, or ought to, come
into the Treasury; and shall make it penal for
any person or persons to borrow, withhold or in
any manner to divert from its purpose any special
fund, or any part thereof."  (Emphasis added)

The question for determination is whether or not the six special funds listed in House Bill No. 183 are special funds as contemplated by the constitutional provision set out above.

In March, 1944, the companion cases of James, State Treasurer, et al, v. Gulf Insurance Co., et al, 179 S.W. (2d) 397, and James, State Treasurer, et al, v. Joseph, et al, 179 S.W. (2d) 411, were decided by the Austin Court of Civil Appeals. These cases were appeals from judgments declaring Senate Bill 144 of the 48th Legislature unconstitutional. That bill providing for placing portions of certain special funds in the general revenue fund. Three of the funds involved in the transfer -- the Special Game Fund, Sand Shell and Gravel Fund and the Fish Propagation and Protection Fund -- are funds which are now sought to be transferred by House Bill No. 183.

We find the following language in the Gulf case:

"Sec. 6 of Article 8 of the Texas Constitution provides that 'no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years.' The mere fact that one Legislature appropriates or directs that taxes levied and collected for the next succeeding biennium be used for a special purpose, does not deprive a subsequent legislature of the right to appropriate and direct the expenditure of any portion of the taxes not needed for the special purpose." (Emphasis added.)

The opinion further states:

"Senate Bill 144 does not violate  Sec. 7 of Art. VIII of the Constitution, providing that the Legislature shall not have the power to borrow, or in any manner divert from its purpose, any special fund that may, or ought to, come into the Treasury.

This is because the special funds created by
Arts. 4682b and 4902 are not the kind of special
fund referred to in the Constitution. No con-
stitutional special fund is here involved. The
special funds here involved are creatures of the
statutes. They arise out of taxes which could
have been paid into the General Revenue Fund in
the first instance. They arise under the power
to levy taxes for the maintenance of governmental
agencies as well as for general governmental
purposes. The taxes going into the special funds
in question are not dedicated or allocated either
by the Constitution or statutes to any special
fund established by the Constitution, but are
taxes which would have come into the General
Revenue Fund had the statutes not placed them in
the special accounts or funds."

The Supreme Court of Texas reversed the judgments of
the Court of Civil Appeals in the above cases, (See 185 S.W.
(2d) 966 and 185 S.W. (2d) 974.) because the title to the Act
contained nothing to indicate that the body of the Act purpor-
ted to transfer the seventeen special funds referred to in
Section 2 of the Act.

However, for our purposes the following language of
Chief Justice Alexander in Gulf Ins. Co., et al v. James, State
Treasurer, et al, 185 S.W. (2d) 966, is important:

"We agree with the holding of the Court of
Civil Appeals that the Legislature has the right
to transfer the balance on hand in these special
funds to the General Revenue Fund. In so doing
the Legislature does not violate the provision
of Article VIII, Section 7 of the Constitution.
Vernon's Ann. St., which provides that, 'The Leg-
islature shall not have power to borrow, or in
any manner divert from its purpose, any special
fund that may, or ought to, come into the Treasury;
. . . . In the case of Brazos River Conserva-
tion and Reclamation District v. McCraw, 126 Tex.
506, 91 S.W. 2d, 665, this court held that the
above quoted constitutional inhibition applied
only to special funds created by the Constitution,
and not to special funds created by statute. The
special funds here under consideration were
created by statute, and not by the Constitution.

Also this language appears in the concluding paragraph
of the opinion:

"Consequently, the State now has the right, if the Legislature deems it wise to pass suitable laws authorizing it, to use the balances of these special funds for general purposes."

The six special funds now in the State Treasury were created by legislative enactment and therefore are not dedicated or allocated by the Constitution of Texas. They are, therefore, not special funds within the meaning of Sec. 7 of Article VIII of the Texas Constitution.

We quote from 59 C.J. 232:

"Where a special fund is created or set aside by statute for a particular purpose or use, it must be administered and expended in accordance with the statute, and may be applied only to the purpose for which it was created or set aside, and not diverted to any other purpose, or transferred from such authorized fund to any other fund. The legislature has power, however, to transfer to another fund or appropriate to another purpose any surplus which may remain in a special fund after the accomplishment of the purpose for which it was established, and in general, whether or not the purpose for which a special fund was created has been accomplished, such fund may be diverted by statute to another and different purpose so long as it remains subject to legislative control; but the legislature cannot authorize the diversion of a special fund where such diversion would conflict with a provision of the constitution controlling such fund, . . . . . ." (Emphasis added.)

It is the opinion of this department that if, as evidenced by the cases cited above, the courts will allow the use of surplus in special funds to be used for general purposes, then certainly the courts would uphold a legislative determination to consolidate several special funds into one special fund. The argument for this proposition is strengthened when it is realized that the one special fund shall be used for the aggregate purposes for which the six funds are now directed to be used.

It is, therefore, the opinion of this department that the transfer of moneys as provided by House Bill 183 is not violative of the Texas Constitution.

## SUMMARY

(1)   Article VIII, Section 7, of the Texas Constitution which prohibits the Legislature from borrowing or in any manner diverting any special fund from its purpose refers only to special funds established by the Constitution and is not applicable to statutory funds.

(2)   The Legislature has the authority to consolidate the Special Game Fund, the Special Fish Propagation and Protection Fund, the Sand, Shell and Gravel Fund, the Fish and Oyster Fund, the Medina Lake Fund, and the Lake Worth-Eagle Mountain Lake Fund into a single special fund to be known as the Special Game and Fish Fund to be used for the aggregate purposes for which the six special funds are now directed to be used. Such a transfer of funds as set out in House Bill No. 183 is not violative of the Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Clarence Y. Mills
Clarence Y. Mills
Assistant

CYM/mrj/lh/wc


APPROVED:  March 26, 1947
s/Price Daniel
ATTORNEY GENERAL